# ATTACHMENT 1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CLERK
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

JUL 26  3 05 PH '01

FILED

JAMES HANTON

v.

OFFICER M. TAMBURO, et al.[1]

PRISONER
Case No. 3:96CV2644 (DJS) (TPS)

### RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

The plaintiff has filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. He alleges inter alia claims that the defendants were deliberately indifferent to his serious medical needs because they failed to respond to repeated requests to be placed in a bottom bunk due to his unstable knees and subsequently failed to provide him proper medical treatment when he fell from the top bunk and injured his back. The plaintiff seeks damages and declaratory relief from the defendants in their individual and official capacities. Pending is the plaintiff's motion for summary judgment and the defendants' motion for summary judgment. For the reasons that follow, the plaintiff's motion is denied and the defendants' motion is granted.

### Facts[2]

On three occasions in August 1996, the plaintiff wrote to Officer Tamburo and asked to

---

[1] The defendants named in the amended complaint are Officer M. Tamburo, Nurse D. Welch and Dr. Jerome Tung.

[2] The facts are taken from plaintiff's Local Rule 9(c)2 Statement [doc. #120], plaintiff's Affidavit [doc. #115] with attached exhibits, Defendants' Local 9(c) Statement [doc. #96], with attached exhibits, the Affidavit of Dr. Mingzer Tung with attached exhibits [doc. #94] and the Affidavit of Officer Mark Tamburo [doc. #99].

be moved from the top bunk in his prison cell. The plaintiff explained that he had undergone surgery on both his knees and that his "knees were not stable enough" to climb out of the top bunk without a ladder. On August 27, 1996, the plaintiff filed a grievance against Officer Tamburo for failing to respond to his requests to be moved from the top bunk. The plaintiff's grievance was never answered. The plaintiff received no response to his two written requests to the medical department to be moved due to his medical condition.

In October 1996, the plaintiff alleges that he wrote to Nurse D. Welch and filed a medical grievance concerning his medical condition and request to be moved to a bottom bunk. On December 13, 1996, the plaintiff fell out of his bunk and injured his back on the bed frame of the bottom bunk. The plaintiff was taken to the facility hospital and received x-rays of his lumbar spine. The x-rays were negative. Dr. Tung ordered a muscle relaxant for the plaintiff as well as Motrin. The medical records reflect that the plaintiff made no complaints concerning the conditions in the facility hospital. Dr. Tung discharged the plaintiff to population in the morning on December 16, 1996. Later that day, however, when the plaintiff stayed in bed and refused to walk, Dr. Tung discontinued the discharge to population order and permitted the plaintiff to remain in the infirmary.

On December 17, 1996, the plaintiff was transported to "New Haven Corrections for Court." Upon his return to Bridgeport Correctional Center, two correctional officers assisted the plaintiff to the facility hospital. The plaintiff informed Nurse Welch and Dr. Tung that he had re-injured his back in New Haven and requested that he be sent to an "outside" hospital. The plaintiff was re-admitted to the hospital infirmary. On December 20, 1996, Dr. Tung discontinued the order for the plaintiff's admission to the hospital infirmary and discharged the plaintiff. The

2

plaintiff remained in the infirmary awaiting a bed in general population. On December 21, 1996,

the plaintiff was recreating without incident. On December 22, and 23, 1996, the plaintiff denied

any back spasms. He went to court on December 23, 1996, and did not return to Bridgeport

Correctional Center from court.

Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that

there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter

of law. See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256

(1986). A court must grant summary judgment "'if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact . . . .'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir.

1993) (citation omitted). A dispute regarding a material fact is genuine "'if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph

Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied,

506 U.S. 965 (1992). After discovery, if the nonmoving party "has failed to make a sufficient

showing on an essential element of [its] case with respect to which [it] has the burden of proof,"

then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn

affidavits, the nonmoving party must present "significant probative evidence to create a genuine

issue of material fact." Soto v. Meachum, Civ. No. B-90-270 (WWE), 1991 WL 218481, at *6

(D. Conn. Aug. 28, 1991). A party may not rely "on mere speculation or conjecture as to the true

nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co.,

3

804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992). A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements. See Securities & Exchange Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978).

When cross-motions for summary judgment are presented to the court, summary judgment should not be granted "unless one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely in dispute." Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975).

<u>Discussion</u>

The defendants have filed a motion for summary judgment. In response, the plaintiff has filed a cross motion for summary judgment. The court considers these motions below.

I.     <u>Defendants' Motion for Summary Judgment</u>

The defendants raise four grounds in support of their motion: (1) the plaintiff's claims are barred by collateral estoppel and res judicata; (2) the plaintiff has failed to allege that the defendants were deliberately indifferent to serious medical needs; (3) the plaintiff has not demonstrated the personal involvement of defendant Tamburo in the alleged inadequate medical treatment; and (4) the plaintiff has failed to exhaust his administrative remedies.

A.    Collateral Estoppel

The defendants first argue that the plaintiff's claims regarding his medical care are

precluded by the state court's decision in Hanton v. Warden, No. CV97 34 84 36S (Conn. Super.

Ct. Dec. 22, 1997).  This court agrees.

Under the Full Faith and Credit Clause of the United States Constitution, U.S. Const. Art.

IV, § 1, "federal courts must accord state court judgments the same preclusive effect as other

courts within that state." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Thus, "issues

actually litigated in a state-court proceeding are entitled to the same preclusive effect in a

subsequent federal § 1983 suit as they enjoy in the courts of the state where the judgment was

rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).  To determine

whether the plaintiff is barred from litigating the claims which were asserted in the state habeas

proceeding, the court looks to Connecticut law.  See Burgos, 14 F.3d at 790, 792 (federal court

looks to state law to determine whether claim are barred by res judicata or collateral estoppel).

In Connecticut, the doctrine of collateral estoppel or issue preclusion bars a party from

relitigating issues that were fully and fairly litigated in a prior action.  See Aetna Casualty &

Surety Co. v. Jones, 220 Conn. 285, 302, 596 A.2d 414 (1991).  An issue was fully and fairly

litigated where the issue was "properly raised in the pleadings, submitted for determination, and in

fact determined." Scalzo v. Danbury, 224 Conn. 124, 128, 617 A.2d 440, 442 (1992).  In

addition, there must not have been any procedural limitations in the original action which would

have precluded a full and fair opportunity to litigate the issue.

The doctrine of collateral estoppel may be invoked by one who was not a party to the

original action.  The only requirement is that the party against whom the doctrine is applied, must

5

have had the opportunity to litigate the merits of the issue in the prior action. <u>See</u> <u>Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation</u>, 402 U.S. 313, 329 (1971). The court is not required to permit "repeated litigation of the same issue as long as the supply of unrelated defendants holds out." <u>Id.</u> Similarly, Connecticut has also abandoned the mutuality of parties requirement for collateral estoppel. <u>See</u> <u>Aetna Casualty & Surety</u>, 220 Conn. at 303, 596 A.2d at 424.

In this case, as the plaintiff's custodian, Warden Grotta was a party to the state court habeas action. Although Dr. Tung, Officer Tamburo and Nurse Welch were not parties to the state habeas action, they may invoke the doctrine of collateral estoppel with regard to any issue that was fully and fairly litigated in the state court proceeding.

The amended petition for writ of habeas corpus filed in the state habeas action <u>Hanton v. Warden</u>, No. CV-97-0348436-S[3] contains the identical claims to the claims raised in the amended complaint filed in this action. In addition, the plaintiff concedes that the claims are identical. Thus, in the amended state petition, the plaintiff complained that during December 1996, correctional officials at Bridgeport Correctional Center were deliberately indifferent to his medical condition, namely his back injury, and refused to provide appropriate medical treatment and appropriate conditions of confinement to accommodate his medical condition. The state court reviewed the plaintiff's medical records regarding care provided within the Department of

---

[3] The court notes that the copy of the amended petition submitted by the plaintiff as an exhibit to his affidavit in support of his motion for summary judgment contains the case number CV-97-0342164-S. It is apparent from Exhibit Q to the plaintiff's affidavit that as of July 18, 1997, the case number of the amended state court petition had been changed to CV-97-0348436-S. Thus, the December 22, 1997 decision by the state court judge denying the petition contains the new case number, CV-97-0348436-S

Correction and heard testimony from Dr. Edward Blanchette and the plaintiff. On December 22, 1997, the state court held that the Department of Correction had not refused to treat the plaintiff's condition and that there was no basis for a claim of cruel and unusual punishment or deliberate indifference to a serious medical need.

The state court was required to determine whether the Department of Correction was deliberately indifferent to the plaintiff's medical conditions during the time he was confined at the Bridgeport Correctional Institution to dispose of the plaintiff's state habeas action. At the state court proceeding the plaintiff was permitted to fully litigate this issue. Thus, this court concludes that the plaintiff is barred by the doctrine of collateral estoppel from relitigating this issue. The defendants' motion for summary judgment is granted as to the plaintiff's claims on the ground that the claims are barred by collateral estoppel.

      B.    <u>Remaining Arguments</u>

The defendants also argue that the plaintiff has failed to allege that they were deliberately indifferent to his serious medical needs, failed to offer evidence that he exhausted his administrative remedies and failed to allege the personal involvement of defendant Tamburo in the plaintiff's medical care. Because the court has granted the defendants' motion on collateral estoppel grounds, the court finds it unnecessary to reach the remaining three arguments raised by the defendants.

II.    <u>Plaintiff's Motion for Summary Judgment</u>

The plaintiff seeks summary judgment as to the claims for deliberate indifference to serious medical needs. The court has concluded above that the defendants' motion for summary judgment should be granted as to all of the plaintiff's medical claims. Thus, the plaintiff's motion for summary judgment is denied.

7

## Conclusion

The plaintiff's Motion for Summary Judgment [doc. #114] is DENIED.  The defendants'

Renewed Motion for Summary Judgment [doc. #117] is GRANTED.  The Clerk is directed to

enter judgment in favor of the defendants and close this case.

SO ORDERED this 24th day of July, 2001, at Hartford, Connecticut.

Dominic J. Squatrito
United States District Judge

8

# ATTACHMENT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANCIS ANDERSON

v.

DEBBIE KINDNESS, et al.[1]

PRISONER
CASE NO. 3:95CV1280(PCD)(JGM)

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff, currently an inmate at the Northern Correctional Institution in Somers, Connecticut, brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This action is predicated on 42 U.S.C. § 1983. The plaintiff alleges that the defendants displayed deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The plaintiff further alleges that the defendants failed to adequately investigate his complaints regarding medical care. Now pending before the court is defendants' motion for summary judgment [doc. #59]. The plaintiff has filed his opposition to this motion [docs. ## 52, 53, 64]. For the reasons set forth below, the motion is GRANTED.

### STANDARD OF REVIEW

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[1] The named defendants in this action are Debbie Kindness, Warden Robert Kupec and Captain Eric Stewart.

with affidavits, if any, show that there is no genuine issue as to any material fact . . . ."
Miner v. City of Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted).  A
dispute regarding a material fact is genuine "if the evidence is such that a reasonable
jury could return a verdict for the nonmoving party."  Aldrich v. Randolph Cent. Sch.
Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied,
506 U.S. 965 (1992).  After discovery, if the nonmoving party "has failed to make a
sufficient showing on an essential element of [its] case with respect to which [it] has the
burden of proof," then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477
U.S. 317, 323 (1986).  The court resolves "all ambiguities and draw[s] all inferences in
favor of the nonmoving party in order to determine how a reasonable jury would
decide."  Aldrich, 963 F.2d at 523.  Thus, "[o]nly when reasonable minds could not
differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci,
923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

     In the context of a motion for summary judgment pursuant to Rule 56(c),
disputed issues of fact are not material if the moving party would be entitled to
judgment as a matter of law even if the disputed issues were resolved in favor of the
nonmoving party.  Such factual disputes, however genuine, are not material, and their
presence will not preclude summary judgment. See Anderson, 477 U.S. at 248; Cartier
v. Lussier, 955 F.2d 841, 845 (2d Cir. 1992).

## FACTUAL BACKGROUND

     The plaintiff predicates this action on the following allegations.  On April 5, 1995,
the plaintiff was seen in the Northern Correctional Institution's medical unit by

defendant Nurse Debbie Kindness and Dr. McCoy. (See Am. Compl. at 1.) Defendant

Kindness allegedly provided the plaintiff "some pills" in order to relieve plaintiff's

complaints of constipation. (Id.) After taking the pills, the plaintiff contends that he

developed a rash. (Id.) He was subsequently placed on sick call and seen by

defendant Kindness. (Id.) During this appointment, the plaintiff asserts that defendant

Kindness provided insufficient care and "humiliated" him. (Id.)

The plaintiff further asserts that on April 25, 1995, he experienced chest pains

and alerted a correctional officer of this fact. (Id.) In response, defendant Kindness

requested that the plaintiff be brought to the medical unit. (Id.) Upon his arrival at the

treatment room the plaintiff informed defendant Kindness that his "chest hurt[ ]s bad."

(Id.) Defendant Kindness allegedly told the plaintiff to "stop l[y]ing" and the plaintiff was

returned to his cell. (Id.) Two correctional officers later escorted the plaintiff to the

shower area where the plaintiff allegedly "spit up blood and food." (Id.) Medical

personnel, including defendant Kindness, were summoned to the shower area. (Id.)

The plaintiff asserts that defendant Kindness provided insufficient care and failed to

take a sample of his "spit up." (Id.) Plaintiff wrote to defendant Warden Robert Kupec

in order to complain of this incident. (Id. at 2.) An investigation conducted by

defendant Captain Eric Stewart concluded that the plaintiff refused medical care. (Id.)

On approximately May 23, 1995, the plaintiff filed a habeas corpus petition in the

Superior Court for the Judicial District of Tolland. (Defs.' Stat. of Facts ¶1.) In this

petition, the plaintiff raised claims identical to those raised in the present complaint.

(Id.) This petition was dismissed by the Superior Court on May 24, 1996. (Id. at ¶13.)

3

## DISCUSSION

The defendants' motion for summary judgment is premised on two main grounds. First, the defendants argue that the present action is barred by the doctrine of collateral estoppel. Second, the defendants assert that the plaintiff's allegations do not state a claim under the Eighth Amendment. In opposition, the plaintiff fails to address the issue of collateral estoppel. Rather, the plaintiff simply asserts that the defendants displayed deliberate indifference to his serious medical needs. The court shall explore the merits of these contentions below.

### I. Collateral Estoppel

Initially, the defendants contend that the plaintiff raised these identical issues in a state habeas corpus petition. See Anderson v. Warden, No. CV95-2029. There, the state court dismissed the petition after it determined that "the medical care provided to plaintiff did not rise to the level of cruel and unusual punishment . . . .". (See Defs.' Mem. at 4.) It is the defendants' position that the state court's dismissal of the habeas petition collaterally estops the plaintiff from bringing this action. This court agrees.

Under the Full Faith and Credit Clause of the United States Constitution, U.S. Const. Art. IV, § 1, "federal courts must accord state court judgments the same preclusive effect as other courts within that state." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Thus, "issues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the state where the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). To determine whether the plaintiff is barred

4

from litigating the claims which were asserted in the original action, the court looks to Connecticut law. See Burgos, 14 F.3d at 790, 792 (federal court looks to state law to determine whether claims are barred by res judicata or collateral estoppel).

In Connecticut, the doctrine of collateral estoppel or issue preclusion bars a party from relitigating issues that were fully and fairly litigated in a prior action. Aetna Casualty & Surety Co. v. Jones, 220 Conn. 285, 302, 596 A.2d 414 (1991). An issue was fully and fairly litigated where the issue was "properly raised in the pleadings, submitted for determination, and in fact determined." Scalzo v. Danbury, 224 Conn. 124, 128, 617 A.2d 440 (1992). In addition to the full and fair litigation of an issue, a party seeking to invoke collateral estoppel must also demonstrate that a decision on the issue was "necessary to the judgment [in the prior action]." Busconi v. Dighello, 39 Conn. App. 753, 767-68, 668 A.2d 716 (1995) (citations omitted), cert. denied, 236 Conn. 903, 670 A.2d 321 (1996). Finally, there must not have been any procedural limitations in the original action which would have precluded a full and fair opportunity to litigate the issue.

Here, the habeas corpus petition was originally brought in the Connecticut Superior Court. The superior court is a court of general jurisdiction. Conn. Gen. Stat. § 51-164s; Hilton v. City of New Haven, 233 Conn. 701, 728, 661 A.2d 973, 986 (1995). Thus, there were no procedural impediments to a full and fair hearing on all claims.

The court next considers the complaints filed in the two actions to determine which issues were fully and fairly litigated in the prior action. A comparison of the two complaints reveals that the allegations concerning the denial or medical care are

5

essentially the same in the two complaints.  Specifically, the state petition for writ of

habeas corpus alleged:

> Debbie Kin[d]ness has . . . denied me medical help on 4-28-95.[2]  I told
> Debbie Kindness my ches[t] hurt. [She] stated to me [I']m [ly]ing.  Hours
> later [I] spit up blood and food.  C/O Cardona [witnessed] this.  The c/o's
> didn't wr[i]te an incident report when this happen.  The next day C/O
> Peppe seen the spit up in the shower and wrote an incident on this.  On
> about 4-5-95 I went to medical and was seen by Debbie Kin[d]ness . . .
> She gave me some pills to use the bathroom.  I took one pill and the next
> day I broke out in a rash and told medical staff Reggie and he told me that
> I would be placed on sick-call.  I w[e]nt to medical and was humiliated by
> Nurse Debbie Kin[d]ness and went back to my cell. [T]hat's when I start
> spitting up blood and food.

(See Aff. of Ann E. Lynch Ex. A.)  In the present complaint, the plaintiff contends:

> (On 4-5-95) I went to medical and was seen by [D]ebbie Kindness . . .
> nurse . . . Kindness gave me some pills to use the bathroom when [I]
> received the pills late[r] [I] took one and broke out in a rash . . . I
> went to medical and was humiliated by nurse . . . Kindness she didn't
> perform her duties properly.  (On 4-25-95) I stated to unit C/O Cardona
> that my chest is hurting . . . Nurse . . . Kindness called me out of my cell to
> go to treatment room . . . I told [her] my chest hurt[ ]s bad she stated that
> my chest don't hurt stop l[y]ing . . . [Later] I start to spit up blood and food
> while in the shower . . . .

(See Am. Compl. at 1.)  Furthermore, this court recognizes that the issue was fully and

fairly litigated in the previous state court action.  This is demonstrated by the fact that

the plaintiff was afforded a full hearing on his state habeas petition.  Specifically, the

plaintiff was permitted to both testify and call witnesses in support of his claims.  The

plaintiff presented testimony in both manners at the hearing.  The issue was also

actually determined by the state court.  That is, after assessing the evidence presented

---

[2] At the hearing on his state petition, the plaintiff stated that the actual date of the
incident was April 25, 1995.  (See Aff. of Ann E. Lynch at Ex. B, p.7.)

at the hearing, the state court concluded:

> I am going to dismiss the petition. . . . You do not have from the evidence that you presented a situation that warrants the court's intrusion into the medical care that is being provided to you by the Department of Corrections. I am satisfied from the status of the evidence that you have not proven that you are not receiving adequate medical treatment, and it is your burden to prove that.

(See Aff. of Ann E. Lynch, Ex. B, p.39.)  Finally, it is clear from this statement that a decision on the plaintiff's medical claim was necessary to the judgment in the state habeas action.  A full adjudication of this issue in state court bars relitigation of the same issue here.  Accordingly, summary judgment must be granted for all defendants on the plaintiff's Eighth Amendment claim.

## II. Remaining Claims

On December 12, 1996, the plaintiff filed an amended complaint in this action raising additional claims against defendants Kupec and Stewart.  In his amended complaint the plaintiff alleges:

> I wrote Warden Kupec and he had Captain Stewart investigat[e] this incident and Captain Stewart stated that I refused medical treatment, [I] never refused medical treatment . . . Robert J. Kupec is the Warden of Northern Correctional Institution.  He is legally responsible for the operation of Northern and for the welfare of all the prisoners . . . and Kupec undermin[e]d this medical problem. . . Captain Stewart didn't do a adequate investigation in this matter . . . Captain Stewart [is] negligen[t] . .

(See Am. Compl. at 2.)  The defendants' motion for summary judgment fails to squarely address the plaintiff's new allegations.  This deficiency, however, does not preclude the court from examining these claims.  Under the recent amendments to 28 U.S.C. § 1915, "the court shall dismiss [a] case at any time if the court determines that . . . the action . .

7

. fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B).

See Atkinson v. Bohn, 91 F.3d 1127, 1128 -29 (8th Cir. 1996) (case dismissed for

failure to state a claim pursuant to 28 U.S.C. § 1915(e) after amended complaint filed);

Everson v. Nelson, 941 F. Supp. 1048 (D. Kan. 1996) (court denied defendant's motion

for summary judgment and dismissed for failure to state a claim pursuant to 28 U.S.C. §

1915(e) a case filed in 1993). Thus, the court shall review the plaintiff's remaining

claims pursuant to 28 U.S.C. § 1915(e) in order to determine whether they state a claim

upon which relief may be granted.

### a. Eleventh Amendment Immunity

Generally, a suit for the recovery of money may not be maintained against the

state itself, or against any agency or department of the state, unless the state has

waived its sovereign immunity under the Eleventh Amendment. Florida Dep't of State

v. Treasure Salvors, 458 U.S. 670, 684 (1982). Section 1983 does not override a

state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 342 (1979).

The Eleventh Amendment immunity which protects the state from suits for monetary

relief also protects state officials sued for damages in their official capacity. Kentucky

v. Graham, 473 U.S. 159 (1985). A suit against a defendant in his official capacity is

ultimately a suit against the state if any recovery would be expended from the public

treasury. Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984).

In the present case, the plaintiff is seeking $200,000 from the defendants in their

official capacities. Any monetary recovery by the plaintiff against the defendants in

their official capacities, however, would constitute a recovery against the state and as

8

such this suit is not actionable. Therefore, the claim for monetary damages is dismissed as to defendants Kupec and Stewart in their official capacities. See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(e).

### b. Negligence and Respondeat Superior

In order to state a claim under 42 U.S.C. § 1983, the plaintiff must allege two essential elements. First, the plaintiff must assert facts sufficient to demonstrate that the defendant's misconduct occurred under color of state law. Second, the plaintiff must demonstrate that he has been deprived of a constitutionally or federally protected right. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986). Given that defendants Stewart and Kupec are employed by the Connecticut Department of Correction, the first factor is undisputed.

Initially, in examining the plaintiff's complaint against defendant Stewart it is apparent that his cause of action is based on a theory of negligence. In his complaint, the plaintiff claims that Stewart negligently investigated the plaintiff's allegations of inadequate medical care. Therefore, it is necessary to ascertain whether this cause of action is viable under section 1983.

The Supreme Court has defined the contours of the Eighth Amendment protection against cruel and unusual punishment, made applicable to the states by the Fourteenth Amendment, as follows:

> The Eighth Amendment's bar on inflicting cruel and unusual punishments . . . 'proscribe[s] more than physically barbarous punishments.' It prohibits penalties that are grossly disproportionate to the offense as well as those that transgress today's broad and idealistic concepts of dignity, civilized standards, humanity and decency.

9

Hutto v. Finney, 437 U.S. 678, 685 (1978) (citations omitted). Mere negligence will not support a section 1983 claim; the conduct complained of must "shock the conscience" or constitute a "barbarous act." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex. rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)). It is only when a government official acts with deliberate indifference to the consequences of his action that a claim may be supported under section 1983. Morales v. New York State Dep't of Corrections, 842 F.2d 27, 30 (2d Cir. 1988).

In the present case, the plaintiff's complaint does not allege a deprivation of a federally or constitutionally protected right. The plaintiff asserts that Stewart negligently performed his duty to investigate the plaintiff's claims. This allegation, standing alone constitutes nothing more than a state law negligence claim. Thus, the plaintiff's complaint must be dismissed as to defendant Stewart because it lacks an arguable basis in the law. Neitzke, 490 U.S. at 329.

Additionally, it is settled law in this circuit that in a civil rights action, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987); McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978). The doctrine of respondeat superior is not applicable in section 1983 cases. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 692-95 (1978). In this case, the plaintiff fails to allege the personal involvement of defendant Kupec in the alleged constitutional violation. The plaintiff appears to have named this defendant because of his supervisory role. The complaint, therefore,

10

should also be dismissed as to defendant Kupec for lack of personal involvement. Neitzke, 490 U.S. at 325, 28 U.S.C. § 1915(e).  See also, e.g., Fisher v. Roberts, No. 90-0237-BH-M, 1990 U.S. Dist. LEXIS 6291, at *3-4 (S.D. Ala. Apr. 26, 1990) (section 1983 action based on respondeat superior not cognizable under Monell and subject to dismissal under Neitzke and section 1915(d), now amended as 1915(e)), adopted, 1990 U.S. Dist. LEXIS 6295 (S.D. Ala. May 24, 1990).

<u>CONCLUSION</u>

Based on the foregoing analysis, the defendants' motion for summary judgment [doc. #59] is **GRANTED**.  In addition, the plaintiff's claims against defendants Stewart and Kupec in both their individual and official capacities are **DISMISSED**.  28 U.S.C. § 1915(e).  The Clerk is directed to close this case.

SO ORDERED.

Entered this ___13th___ day of May, 1997, at New Haven, Connecticut.

Peter C. Dorsey, Chief Judge
United States District Court

11

# ATTACHMENT 3

UNITED STATES DISTRICT COURT

ATTORNEY GENERAL'S OFFICE

DISTRICT OF CONNECTICUT


NAPIER TALTON                          :

            -vs-                       :    Civil No. H-87-66 (PCD)

EDWARD BLANCHETTE, et al.              :


## RULING ON MOTION
## FOR SUMMARY JUDGMENT


Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his eighth and fourteenth amendment rights while incarcerated at Somers Correctional Institute.  Plaintiff contends that defendants, the Department of Corrections acting through Dr. Edward Blanchette, a prison physician, failed to provide adequate or timely medical care prior to or subsequent to a stroke suffered by plaintiff.  Defendants move for summary judgment.


## Background

The following facts are found to be undisputed for purposes of this motion.  Plaintiff was diagnosed early in his incarceration with hypertension and was examined by a prison physician on January 6, 1986 for numbness in his left arm.  Complaint ¶¶ 8-9. Plaintiff subsequently complained of headaches for several months and ultimately suffered a stroke on April 17, 1986.  Complaint ¶¶ 10-11.  Plaintiff was treated at Hartford Hospital for treatment

-2-

of cerebral aneurysmal bleeding.  Complaint ¶ 11.  Surgery was performed on May 7, 1986 and plaintiff was released from the hospital on May 22, 1986.  Complaint ¶ 12.

<u>Discussion</u>

Motions for summary judgment involve a determination as to whether there exists any genuine issue of material fact.  The standard is more fully articulated in <u>Cote v. Durham</u>, 754 F. Supp. 18 (D. Conn. 1991).

Defendants contend that plaintiff's cause of action is barred by both res judicata and collateral estoppel, as plaintiff's unsuccessful state habeas corpus petition raised the same claims of improper medical treatment.  The doctrine of collateral estoppel dictates that "[o]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case."  <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).  In order to invoke issue preclusion, the following conditions must be met:

> (1) the issues in both proceedings must be identical,
>
> (2) the issue in the prior proceeding must have been actually litigated and actually decided,
>
> (3) there must have been a full and fair opportunity for litigation in the prior pro-

-3-

ceeding, and

(4) the issues previously litigated must have been necessary to support a valid and final judgment on the merits.

Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986), cert. denied, 480 U.S. 948 (1987).  Here, while plaintiff's amended complaint does not clearly and specifically enumerate the allegations giving rise to plaintiff's claim of improper medical treatment, events pointed to in subsequent memoranda clearly establish that plaintiff's current action refers to and revolves solely around alleged actions or inaction by prison medical personnel prior to and subsequent to his stroke.  These are the same allegations that comprised the substance of plaintiff's habeas petition, found by a state court judge to be lacking in merit. See Talton v. Warden, No. CV 87 0000257, Memorandum of Decision. Plaintiff does not dispute that he was given a full and fair opportunity to litigate his claim in the prior action, nor that the question of the constitutionality of his treatment was actually litigated or decided in the state proceeding, nor that the real party in interest in both proceedings is actually the same.  Plaintiff suggests that the state petition addressed only those conditions at the time of trial and that this § 1983 action raises the question of the constitutionality of plaintiff's medi- cal treatment throughout the period of his incarceration, encom-

-4-

passing facts not considered by the state court. However, plaintiff fails to specify what these facts are or to what treatment he refers other than that alleged in his complaint.

Because the gravamen of the complaint here is substantially identical to the allegations in the state habeas petition, the state court's finding that no constitutional violations occurred effectively encompasses the current cause of action. "Issue preclusion refers to the preclusive effect of a judgment that prevents a party from litigating a second time an issue of fact or law that has once been decided." Murphy v. Gallagher, 761 F.2d 878, 879 (2d Cir. 1985). The question of the constitutionality of defendants' actions underlying both plaintiff's habeas petition and his § 1983 claim has thus already been fully adjudicated in state court and will not be re-litigated here, absent some indication by plaintiff that he seeks to raise factual and evidentiary issues not presented in the former proceeding. Because plaintiff's claim is barred by the doctrines of collateral estoppel and res judicata, defendants' motion for summary judgment is granted.

Plaintiff additionally moves for injunctive relief regarding the return of his radio, for which he claims a medical necessity, by prison officials. Plaintiff's motion is denied, as the appropriate avenue of redress available to him is through state administrative procedure. Moreover, it is noted that plaintiff's

-5-

many claims about his medical care demonstrate a complexity of symptomatology that is being attended to. Although it is not clear that further eye surgery, as plaintiff apparently wishes, and as is medically appropriate, will be denied him, no eighth amendment claim as to his continuing care is shown to be substantiated. Accordingly , plaintiff's request is denied.

Conclusion

For the foregoing reasons, defendants' motion for summary judgment (document #46) is granted, and plaintiff's motion for a temporary restraining order or preliminary injunction (document #62) is denied.

SO ORDERED.

Dated at Hartford, Connecticut, this 25th day of June, 1992.

_____
Peter C. Dorsey
United States District Judge