UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DENNIS HENDERSON         :
                           :               PRISONER
     v.                   :     Case No. 3:03CV543(DJS)(TPS)
                           :
CONNECTICUT STATE DOC, et al. :

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Dennis Henderson ("Henderson"), currently confined at the Osborn Correctional Institution in Somers, Connecticut, commenced this civil rights action pursuant to 28 U.S.C. § 1915. He names as defendants the Connecticut Department of Correction, Warden Brian K. Murphy, Richard Furey and Dr. Timothy Silvis. Henderson challenges the denial of his request for an "egg crate" mattress while he was confined at the MacDougall-Walker Correctional Institution.  Defendants have filed a motion for summary judgment on the ground, inter alia, that Henderson's claim is barred by the doctrine of collateral estoppel.  For the reasons that follow, defendants' motion is granted.

I.   Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a

matter of law.  See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).  A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted).  A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992).  After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact." Soto v. Meachum, Civ. No. B-90-270 (WWE), 1991 WL 218481, at *6 (D. Conn. Aug. 28, 1991).  A party may not rely "on mere speculation or conjecture as to the true

2

nature of the facts to overcome a motion for summary judgment."
Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986),
cert. denied, 480 U.S. 932 (1987).

The court resolves "all ambiguities and draw[s] all
inferences in favor of the nonmoving party in order to determine
how a reasonable jury would decide." Aldrich, 963 F.2d at 523.
Thus, "[o]nly when reasonable minds could not differ as to the
import of the evidence is summary judgment proper." Bryant v.
Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849
(1991). See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d
780, 788 (2d Cir. 1992). A party may not create a genuine issue
of material fact by presenting contradictory or unsupported
statements. See Securities & Exchange Comm'n v. Research
Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978). Nor may he
rest on the "mere allegations or denials" contained in his
pleadings. Goenaga v. March of Dimes Birth Defects Found., 51
F.3d 14, 18 (2d Cir. 1995). See also Ying Jing Gan v. City of
New York, 996 F.2d 522, 532 (2d Cir. 1993) (holding that party
may not rely on conclusory statements or an argument that the
affidavits in support of the motion for summary judgment are not
credible). A self-serving affidavit which reiterates the
conclusory allegations of the complaint in affidavit form is
insufficient to preclude summary judgment. See Lujan v. National

3

Wildlife Fed'n, 497 U.S. 871, 888 (1990).

II.  Facts[1]

Henderson was confined at the MacDougall-Walker Correctional Institution from February 2002 through June 2003.  Defendant Silvis is a licensed physician employed at the MacDougall-Walker Correctional Institution.  Defendant Furey is the Health Services Administrator assigned to the MacDougall-Walker Correctional Institution during the time in question.

Henderson underwent back surgery in 1981, before he was incarcerated.  When he arrived at MacDougall-Walker Correctional Institution in February 2002, he complained of lower back pain. Defendant Silvis ordered a lower bunk pass, spinal x-rays and no sport activities.  Defendant Silvis also prescribed Motrin.  The x-rays revealed the old surgery and some mild degenerative arthrosis in the distal lumbar spine.  Degenerative disc disease is a common condition in persons of Henderson's age.

In November 2002 and January 2003, defendant Furey conferred with defendant Silvas regarding Henderson's request for an egg crate mattress.  Defendant Silvis stated that an egg crate mattress was neither medically necessary nor medically

---

[1]Henderson has not submitted a Local Rule 56(a)2 Statement. Accordingly, the court assumes that the properly supported factual assertions contained in defendants' Local Rule 56(a)1 Statement are true.

4

appropriate for Henderson.  Egg crate mattresses are used to increase capillary flow in bedridden patients.  Defendant Furey informed Henderson that an egg crate mattress would not be provided because it was not medically appropriate or necessary.

In December 2002, Henderson commenced a state habeas corpus action seeking an egg crate mattress.  The state court heard testimony from Henderson and Dr. Edward Blanchette, the Clinical Director for the Connecticut Department of Correction.  The state court denied the petition because the mattress was not medically justified.

III. <u>Discussion</u>

Defendants argue that Henderson's claim is barred by the doctrine of collateral estoppel, or issue preclusion, because Henderson raised the same claim in a state habeas corpus action. <u>See</u> <u>Henderson v. Warden</u>, Docket No. CV-02-0822046 (transcript of hearing attached to the affidavit of Dr. Edward Blanchette).  In addition, they contend that Henderson's claims against defendant Connecticut Department of Correction and against defendants Murphy, Furey and Silvis for damages in their official capacities are barred by the Eleventh Amendment; Henderson has not alleged any facts suggesting the personal involvement of defendant Murphy in his claims; the claim for injunctive relief is moot; no constitutionally protected right was violated; and all defendants

are protected by qualified immunity.

Defendants filed their motion on May 11, 2004.  On May 15,
2004, the court issued a notice informing Henderson of his
obligation to respond to the motion and of the contents of a
proper response.  On June 14, 2004, the court granted Henderson's
request for extension of time and ordered that he file his
response by August 1, 2004.  Henderson has neither filed his
response to the motion for summary judgment nor sought additional
time within which to respond.

Collateral estoppel, or issue preclusion, prevents a party
from relitigating an issue that already has been litigated and
decided.  See Migra v. Warren City Sch. Dist. Bd. of Educ., 465
U.S. 75, 77 n.1 (1984); see also Aetna Casualty & Surety Co. v.
Jones, 220 Conn. 285, 296 (1991) (holding that collateral
estoppel "prohibits the relitigation of an issue when that issue
was actually litigated and necessarily determined in a prior
action").  The full faith and credit clause governs the
preclusive effect afforded to state court judgments: "Such Acts,
records and judicial proceedings . . . shall have the same full
faith and credit in every court within the United States . . . as
they have by law or usage in the courts of such State, Territory
or Possession from which they are taken."  28 U.S.C. § 1738.

The full faith and credit clause applies to actions brought

pursuant to 42 U.S.C. § 1983.  See Allen v. McCurry, 449 U.S. 90,
103-04 (1980).  Thus, the court must apply the same preclusive
effect to Henderson's state habeas decision as would Connecticut
state courts.  See Kulak v. City of New York, 88 F.3d 63, 71-72
(2d Cir. 1996) (applying collateral estoppel to bar relitigation
in a federal Section 1983 action of issues previously decided in
a state habeas proceeding); Burgos v. Hopkins, 14 F.3d 787, 792-
93 (2d Cir. 1994) (noting that state habeas decision may have
preclusive effect in subsequent federal Section 1983 action).

In Connecticut, issue preclusion will be applied if "an
issue of fact or law is actually litigated and determined by a
valid and final judgment, and the determination is essential to
the judgment . . . .  An issue is 'actually litigated' if it is
properly raised in the pleadings, submitted for determination and
in fact determined."  Scalzo v. Danbury, 224 Conn. 124, 128
(1992) (internal citations omitted).  In addition, mutuality of
parties is not required to assert issue preclusion.  See Jones,
220 Conn. at 302.  The only requirement is that the party against
whom issue preclusion is applied must have had an opportunity to
litigate the merits of the issue in the prior action.  See
Blonder-Tongue Labs., Inc. v. University of Ill. Found., 402 U.S.
313, 329 (1971).

In Henderson's state habeas action, the state court

7

considered the same issue presented in this case, namely whether Henderson should be provided an egg crate mattress. The state court heard testimony from Henderson and Dr. Edward Blanchette, a physician employed by the Connecticut Department of Correction as Director of Clinical Services. At the conclusion of the hearing, the court determined that the request was not medically justified and dismissed the petition.

The court concludes that Henderson had a full and fair opportunity to litigate this issue. Accordingly, defendants' motion for summary judgment is granted on the ground that Henderson is collaterally estopped from relitigating this issue.

IV. <u>Conclusion</u>

Defendants' motion for summary judgment [**doc. #18**] is **GRANTED.** The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 28th day of September, 2004, at Hartford, Connecticut.

**/s/DJS**

_____
Dominic J. Squatrito
United States District Judge